## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RapDev LLC, <br><br> Plaintiff, <br><br> v. <br><br> Nicholas Vecellio, Anthony Younes, and NoBS LLC, <br><br> Defendants. | Case No.:  1:24-cv-11142-ADB <br><br> Hon. Allison D. Burroughs <br><br> Hon. Donald L. Cabell |

**MEMORANDUM OF LAW IN SUPPORT OF RAPDEV'S
MOTION TO STRIKE DEFENDANTS' OPPOSITION TO RAPDEV'S MOTION TO
QUASH AND MOTION TO COMPEL DISCOVERY AGAINST CANACCORD, AND IN
OPPOSITION TO DEFENDANTS' MOTION TO SEAL**

Plaintiff RapDev LLC ("RapDev") files this Memorandum of Law in support of its Motion to Strike (the "Motion") Defendants' Nicholas Vecellio ("Vecellio"), Anthony Younes ("Younes"), and NoBS LLC ("NoBS") (collectively, "Defendants") Opposition to RapDev's Motion to Quash and/or Protective Order and Motion to Compel Discovery Against Canaccord Genuity, LLC. [ECF No. 64.]  Defendants have impermissibly published and relied on a confidential settlement communication as evidence supporting its claimed entitlement to third-party discovery.

In a similar vein, RapDev also files this Memorandum of Law in opposition to Defendants' Motion to Seal Unredacted Versions of Supporting Documents to Defendants' Opposition to Plaintiff's Motion to Quash and in Support of Defendants' Motion to Compel (the "Motion to Seal"), because this is not an appropriate remedy where the proposed redactions do not sufficiently protect the confidential information compared to wholesale striking of the improper filing.  [ECF Nos. 62, 63.]

For the reasons outlined below, this Court should strike Defendants' Memorandum of Law and all exhibits thereunder and deny Defendants' Motion to Seal. [ECF Nos. 62-64.]

## I.    INTRODUCTION

Defendants' Memorandum in Support of the Discovery Motion (the "Discovery Memorandum") quotes and relies on as evidence a confidential settlement communication that counsel for RapDev sent shortly after court-ordered mediation. [ECF Nos. 64, 64-2.] They do not do so implicitly. They do not try a sleight of hand. Instead, they brazenly admit that the basis of their Discovery Memorandum and indeed the totality of their discovery aimed at non-party Canaccord Genuity, LLC ("Canaccord") is wholly premised on a position that RapDev took in the settlement negotiations stemming from the mediation ordered by this Court.

Specifically, Defendants use a confidential settlement communication from RapDev's counsel to disprove the amount of RapDev's claims and/or impeach RapDev's calculation of its damages. As taken directly from Defendants' Discovery Memorandum:

> Indeed, and significantly, RapDev has asserted that its damages claim is b*ased on offers it received from Potential Purchasers.*  Specifically, RapDev stated that:
>
> [CONFIDENTIAL SETTLEMENT COMMUNICATION]
>
> RapDev should not be permitted to selectively disclose one aspect of the transaction [the confidential settlement communication content] that it believes benefits its position, while shielding the underlying facts from scrutiny.

[ECF No. 64, at 2.]   This use of confidential settlement communication directly violates Fed. R. Evid. ("FRE") 408(a) and Local Rule 16.4(c)(2)(F) because its purpose is to either dispute RapDev's damages or to impeach RapDev as means to gain discovery. The only remedy that adequately addresses the harm caused by Defendants is to strike the offending pleadings without prejudice and allow them to refile an opposition to motion to quash or motion to compel discovery that does not use or rely on confidential settlement communications.

Defendants' Motion to Seal does not cure this violation or prevent further violations; Defendants' presentation of RapDev's confidential settlement communication has already violated the Federal and Local Rules. The Court cannot consider such settlement communications in determining Defendants' motion to compel or opposition to RapDev's motion to quash. Moreover, given Defendants' blatant disregard of FRE 408 and Local Rule 16.4(c)(2)(F), this Court has ample basis to order Defendants to show cause under Fed. R. Civ. P. 11(c)(3) as to why their filing is not sanctionable under Rule 11(b).[1]

## II.    BACKGROUND

Vecellio and Younes are former employees of RapDev who unlawfully took RapDev's trade secrets and established a competing business, NoBS, in violation of their contractual post-employment obligations to RapDev. [Compl., ECF No. 1, ¶¶ 1–3]. RapDev initiated the underlying action to prevent Younes' ongoing misappropriation of RapDev's trade secret, enforce Vecellio's and Younes's contractual agreements, enjoin Vecellio and Younes from further breaches, and address NoBS's improper interference with Vecellio's and Younes's contracts and its role in facilitating their breaches. [Compl. ¶¶ 47, 52–104].

Early in discovery, Defendants served a harassing and duplicative subpoena on Canaccord Genuity, LLC ("Canaccord") seeking information that Defendants can and already have requested

---

[1] RapDev timely alerted Defendants to their violation of FRE 408 and repeatedly requested that they withdraw the offending pleadings and re-submit a response without any disclosure of or allusion to the contents of the compromise negotiations. [Ex. A.] Defendants justified their actions as mere disagreement with RapDev's position. [*Id.*] RapDev requested that Defendants outline their position outside of mere disagreement, citing case law to the contrary. But Defendants merely stated that Rule 408 "does not provide a blanket prohibition but rather has a limited scope" and cited *Peek v. Nationstar Mortg., LLC,* 2017 WL 7039179, at *1 (D.N.H. Sept. 22, 2017), a case which is inapplicable to the current issue. In *Peek*, the court ruled that FRE 408 did not cover the plaintiff's broad statements in a complaint that merely recounted and recited the general contents of the communication. Here, Defendants' submission far exceeds *Peek*. Defendants not only allude to RapDev's confidential settlement communication, but they also admit it as an exhibit, quote it, and directly cite it for the express purposes that FRE 408(a) prohibits.

…

from RapDev as a party to this case. RapDev repeatedly discussed the Canaccord subpoena and met and conferred with Defendants on July 22, 2025 to resolve these issues without Court intervention.

Two days later, the Parties participated in court-ordered mediation under Local Rule 16.4(c)(2) and discovery was temporarily stayed. Though the mediation was unsuccessful, the Parties agreed to extend the stay of discovery until August 4, 2025 and continued to pursue settlement. In pursuit of that goal, RapDev prepared an offer to settle the claims in a mutual exchange of valuable consideration. This offer was sent by RapDev's counsel, Brian Mead, to Defendants' counsel, Ryan Weiner, via email on July 30, 2025. The communication was clearly marked as falling under the scope of FRE 408, bearing "Confidential Settlement Communication" in the subject line and bolded at the top of the email. Every statement contained in the communication directly related to RapDev's rationale in calculating the settlement offer.

After discovery resumed, RapDev again attempted to resolve the disputed Canaccord subpoena via email on August 12th and 18th. Defendants were unwilling to withdraw the subpoena, narrow their requests, or otherwise identify the specific requests that were unique to Canaccord—despite having promised to do exactly that in the meet and confer. When it became clear that Defendants would continue their harassment of Canaccord, RapDev moved to quash the subpoena and/or obtain a protective order to preclude Canaccord from being required to produce documents or testify at a deposition per the subpoena. [ECF Nos. 58, 59.]

Defendants' Discovery Memorandum publishes and relies on RapDev's confidential settlement offer numerous times. For example:

> Indeed, and significantly, RapDev has asserted that its damages claim is b*ased on offers it received from Potential Purchasers.* Specifically, RapDev stated that:
>
> [CONFIDENTIAL SETTLEMENT COMMUNICATION]

- 4 -

DM_US 214341467-2.123690.0011

> RapDev should not be permitted to selectively disclose one aspect of the transaction [the confidential settlement communication] that it believes benefits its position, while shielding the underlying facts from scrutiny.

[ECF No. 64, at 2.]

> Moreover, as noted above, RapDev has asserted that its damages claims are *based on the offers it received from Potential Purchasers*. Specifically, RapDev stated that:
>
>> [CONFIDENTIAL SETTLEMENT COMMUNICATION]
>
> Bagley Decl., Ex. 1.
>
> RapDev engaged the Investment Bank to market its business to Potential Purchasers and obtain offers therefrom. ECF No. 61. In doing so, RapDev necessarily made representations about matters that it has placed squarely at issue in this lawsuit—including, without limitation, the strength of its customer, employee, and other business relationships, the percentage of business it derives from Datadog (RapDev alleges 95%), its position in the market and any purported impact NoBS's alleged conduct has had on it, the value of its goodwill, and the strength of its business operations, among other things. Moreover, the offers the Investment Bank has received on behalf of RapDev during the acquisition process are necessarily predicated on the very representations it made to the Investment Bank and Potential Purchasers. As RapDev has expressly tied its damages claims to the valuation of these offers, this information is critical to Defendants' ability to evaluate and challenge RapDev's damages theory. It would be patently unfair to permit RapDev to seek substantial damages based on the value of the offers from the Potential Purchasers while at the same time shielding from discovery the underlying representations and information on which the Potential Purchasers based such offers.
>
> Finally, the requested materials are also critical because they likely reveal a dual narrative: one in which RapDev inflates the value, strength, and stability of its business in connection with the acquisition process, and another in which it represents to the Court that its business has been significantly—and irreparably—harmed.

[ECF No. 64, at 15.]

Because the Discovery Memorandum unambiguously uses RapDev's confidential settlement communication to impeach representation of its damages as a sword to obtain discovery that otherwise it ought not to have, RapDev brings this Motion to strike the offending pleadings.

### III.  ANALYSIS

#### A.  Legal Standard.

The Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter" under Fed. R. Civ. P. 12(f).  The Court may strike such matter from a pleading either on its own or on a motion made by a party before responding to the pleading.  Courts generally grant a motion to strike upon a showing that the challenged material is immaterial and prejudicial. *Fitchett v. Spartech LLC*, 634 F. Supp. 3d 241, 243 (D. Md. 2022).  This Court has struck allegations or pleadings to remedy the impermissible use of evidence of settlement negotiations in violation of FRE 408. *Sharestates Investments, LLC v. WFG National Title Ins. Co.*, No: 1:23-CV-01416-JMC, 2023 WL 8436159, at *5-*6 (D. Mass. Dec. 5, 2023); *Echavarria v. Roach*, No. 16-CV-11118-ADB, 2022 WL 606076, at *2 (D. Mass. Mar. 1, 2022).

Evidence of an offer to compromise a claim is not admissible to disprove the amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction.  FED. R. EVID. 408(a); MASS. R. EVID. 408(a).  This evidence is generally considered "irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position." Notes of Advisory Committee to FED. R. EVID. 408. "The purpose of Rule 408 is to promote a public policy favoring the compromise and settlement of claims by shielding negotiations from use in later litigation." *Klauber v. VMware, Inc.*, 80 F.4th 1, 8 (1st Cir. 2023) (internal quotations omitted).

This Rule is recognized and extended by the Local Rules of this Court:

> Any communication related to the subject matter of the dispute made during the mediation by any participant, mediator, or any other person present at the mediation shall be a confidential communication to the full extent contemplated by Fed. R. Evid. 408. No admission, representation, statement, or other confidential communication made in setting up or conducting the proceedings not otherwise discoverable or obtainable shall be admissible as evidence or subject to discovery.

Loc. R. 16.4(c)(2)(F).

Evidence relating to any settlement discussions is "generally inadmissible, unless the offering party can prove it is being used for one of the exceptions laid out in Rule 408(b)." *Echavarria*, 2022 WL 606076, at *2 (granting motion to bar any settlement-related evidence under Rule 408); *see also* Committee Notes on the 2011 Amendment to Rule 408 ("[Rule 408] provides that the court may admit evidence if offered for a permissible purpose . . . It remains the case that if offered for an impermissible purpose, it must be excluded.").

Applying this standard, Defendants' Memorandum and exhibits thereunder violate FRE 408 and Local Rule 16.4(c)(2)(F) and must be struck from the record.

### B. Defendants Use RapDev's Confidential Settlement Offer in an Attempt to Disprove the Amount of RapDev's Damages Claims.

Defendants use RapDev's confidential settlement communication for the prohibited purpose of attempting to disprove the amount of RapDev's claimed damages. Indeed, Defendants offer RapDev's confidential settlement communication to rationalize their duplicative and harassing demand for information from Canaccord, asserting the confidential settlement communication is evidence that RapDev is "expressly [tying] its damages claims to the valuation of these offers." [ECF No. 64, at 15.] This, in their view, justifies their discovery tactics to "challenge RapDev's damages theory." [*Id.*]

Put differently, Defendants argue that the settlement communication and information they hope to gain from Canaccord related to the settlement communication disproves the amount of RapDev's claimed damages. [ECF No. 64, at 2, 15.] This directly violates Rule 408 and Local Rule 16.4(c)(2)(F). As explained by the Sixth Circuit Court of Appeals:

> Where, as here, a party has raised an issue going to the validity or amount of a claim, that is insufficient for admitting settlement offers that go to the same issue because to do so violates Rule 408 on its face. To argue otherwise would eviscerate Rule 408's protection and undermine its clear purpose. It would be unreasonable to

expect a party to ever make a settlement offer if doing so forced it into choosing between conceding one or more elements of liability or damages or having the offer admitted against it.

*Stockman v. Oakcrest Dental Ctr., P.C.*, 480 F.3d 791, 798–99 (6th Cir. 2007) (reversing the admission of a settlement offer and finding that such admission violated FRE 408).  To say that a subpoena is justified because the pursuit of such information would dispute an assertion of RapDev's damages claims is a "blunt attempt to use a prior settlement [communication] to prove the validity of [a subpoena] currently before the court – a blunt attempt that Rule 408(a) forbids." *Klauber*, 80 F.4th at 9.  This is precisely the type of conduct that FRE 408(a) and Local Rule 16.4(c)(2)(F) are designed to prevent.

### C. Rule 408 Prohibits Defendants from Impeaching RapDev with Settlement Communications.

Defendants also use RapDev's confidential settlement communication in a blatant attempt to impeach RapDev:

> RapDev should not be permitted to selectively disclose one aspect of the transaction [the confidential settlement communication content] it believes benefits its position, while shielding the underlying facts from scrutiny.

[ECF No. 64, at 2.]    Defendants argued throughout their Discovery Memorandum that "RapDev has asserted that its damages claims are based on the offers it received from Potential Purchasers" and "RapDev expressly tied its damages claims to the valuation of these offers" in connection with their argument that the information sought from Canaccord will dispute RapDev's assertions. Defendants cite the settlement communication as evidence of RapDev "contradicting" its claimed damages:

> If RapDev is, in fact, inflating its position in the market to secure a higher valuation while simultaneously **portraying itself as having been significantly and irreparably harmed in this lawsuit**, **that contradiction** is not just relevant—it is central.  Indeed, and significantly, **RapDev has asserted that its damages claim** is [*cite to confidential settlement communication*].

[*Id.*, at 2.] Defendants cannot seriously claim that the confidential settlement communication is not used to impeach RapDev by contradiction where they explicitly say so. This is a plain violation of FRE 408(a)'s prohibition on using settlement communications to impeach by contradiction. *See* FED. R. EVID. 408(a).

The District of New Mexico squarely recognized this in a products liability case when the defendant sought discovery from the plaintiff regarding any inconsistent statements made during settlement with other parties about the product at issue (a pelvic mesh). *See Garner v. Ranka*, No. CV 18-181 MV/GBW, 2020 WL 601898, at *3 (D.N.M. Feb. 7, 2020). The court correctly identified this as a thinly-veiled attempt to skirt the dictates of Rule 408 and denied the defendant's motion to compel such discovery because impeachment is not a basis to introduce settlement communications:

> Defendant also argues that allowing Plaintiff to recover under the theory that the TVT mesh was defective, and then proceed to make an inapposite argument in the current matter, while withholding the underlying correspondence, would frustrate the point of the adversarial system, be inequitable to defendants, and amount to a windfall for Plaintiff. Assuming *arguendo* that the settlement communications contain statements that are contrary to Plaintiff's position against Defendant, **the only relevance that the Court can see in such statements is that they provide a basis to impeach Plaintiff's credibility by prior inconsistent statement or contradiction. Rule 408 expressly prohibits this**.

*Id.* (emphasis added).

*Garner*'s logic applies with equal force here—Defendants' chief purpose in introducing a confidential settlement communication is to impeach Plaintiff's claim for lost profit damages. Rule 408 expressly prohibits this and, accordingly, RapDev asks the Court to grant his Motion to Strike.

### D. The Settlement Communication Is Immaterial and Prejudicial.

Notwithstanding Defendants' obvious violation of the Federal and Local Rules, the use of such evidence is irrelevant here. RapDev challenged the substance and purpose of Defendants'

subpoena of Canaccord because it is harassing and duplicative of information that they could obtain from or was already produced by RapDev. In its motion to quash, RapDev stated that information pertaining to RapDev's damages could be obtained from RapDev or was already produced by RapDev, a named party to this litigation.

Defendants' efforts to dispute the amount of RapDev's damages claims are also premature. Discovery is ongoing, but RapDev has identified its current damages in its First Supplemental Response to Defendants First Set of Interrogatories and will continue to supplement as necessary. [Ex. B, RapDev's First Suppl. Resp. to Defs. First Set of Interrogs., at First Suppl. Resp. to Interrog. 10.] Moreover, damages are a topic for expert discovery—Defendants will have ample opportunity to probe RapDev's damages claims through that process. [ECF No. 44.]

In any event, Defendants' subpoena was issued and discussed at length *before* the mediation and subsequent settlement communication occurred. Defendants' argument that the subpoena is justified now because of RapDev's statements in settlement communications after the subpoena was served illustrates the immateriality of its present use.

### E. A Seal Cannot Cure Defendants' Admission of a Confidential Settlement Communication.

Defendants' Motion to Seal their response is not an appropriate remedy for this disclosure of a confidential settlement communication. [ECF Nos. 62, 63.] *First*, FRE 408 completely bars the use of settlement communications to disprove the amount of a disputed claim or impeach by prior inconsistent statement or contradiction. Local Rule 16.4(c)(2)(F) similarly prohibits the use of communications related to court-ordered mediation, which covers the confidential settlement communication at issue here. There is nothing in the Rules that otherwise qualifies this prohibition as only applying to unsealed records. It is a *complete* prohibition. *See Klauber v. VMware, Inc.*, 599 F. Supp. 3d 34, 43 (D. Mass. 2022), *aff'd*, 80 F.4th 1 (1st Cir. 2023) (striking evidence

violating Rule 408, including an affidavit discussing a settlement communication and a redacted settlement communication).

***Second***, even the redacted versions of Defendants' response and associated exhibits fail to remedy this issue. Throughout their response and cross-motion to compel, Defendants describe the substance of the confidential settlement communication in detail. They also left unredacted RapDev's rationale for consideration offered in the settlement communication. Regardless of whether the information is redacted, Defendants have already violated FRE 408 and Local Rule 16.4(c)(2)(F) in admitting a confidential settlement communication made in contemplation of and in connection with mediation. This issue will persist even if Defendants' motion to seal is granted, because Defendants' *admission* of the settlement communication to attempt to disprove the validity of RapDev's damages claim or impeach by prior inconsistent statement is a violation itself. The Court is simply not authorized to consider confidential settlement communications, and granting Defendants' motion to seal allowing them to submit unredacted versions of the records will not remedy the issue. The offer was made in the desire for peace, not as any concession of weakness or qualification of RapDev's position. If Defendants' Discovery Memorandum is not struck, the shared purpose of FRE 408 and Local Rule 16.4(c)(2)(F) will be violated and public policy favoring settlement communications will be damaged.

## IV.     CONCLUSION

For the foregoing reasons, this Court should strike Defendants' Memorandum of Law and all exhibits thereunder, deny Defendants' Motion to Seal, and use its inherent authority to order Defendants and their counsel to show cause under Fed. R. Civ. P. 11(c)(3) as to why their filing is not sanctionable under Rule 11(b).

/ /

/ /

Respectfully submitted,

Dated: September 9, 2025    By:    */s/ James Nicholas*
James Nicholas (BBO No. 653892)
**MCDERMOTT WILL & SCHULTE LLP**
200 Clarendon Street
Boston, MA 02116
Tele:  +1 617 535 4000
Fax: +1 617 535 3800
jnicholas@mwe.com

Brian Mead (*pro hac vice*)
Alivia Combe-DuQuet (*pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
444 W Lake Street
Chicago, IL 60606-0029
Tele:  +1 312 372 2000
Fax: +1 312 984 7700
bmead@mwe.com
aduquet@mwe.com

Ruben C. Garza, III (*pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
845 Texas Avenue
Suite 4000
Houston, TX 77002
Tele: +1 713 982 5638
Fax: +1 713 739 7592

*Attorneys for Plaintiff*

DM_US 214341467-2.123690.0011

- 13 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 9, 2025, this document was filed through the court's ECF system and electronic notice was served on all counsel of record.

                                               */s/ Alivia Combe-DuQuet*
                                               Alivia Combe-DuQuet