# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RapDev LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.:  1:24-cv-11142-ADB ) |
| Nicholas Vecellio, Anthony Younes, and NoBS LLC, | ) ) ) |
| Defendants. | ) ) ) ) |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES, ANSWERS, AND OBJECTIONS TO DEFENDANTS NICHOLAS VECELLIO, ANTHONY YOUNES, AND NOBS LLC'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, and the applicable Local Rules of this Court, Plaintiff RapDev, LLC ("RapDev"), by and through its attorneys at McDermott Will & Emery, LLP, responds, answers, and objects to Defendants Nicholas Vecellio ("Vecellio"), Anthony Younes ("Younes"), and NoBS, LLC ("NoBS," and collectively with Vecellio and Younes, "Defendants") First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1.     RapDev objects to Defendants' Interrogatories to the extent that they ask for confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court.

2.     RapDev objects to Defendants' Interrogatories to the extent that they ask for information not within RapDev's possession, custody, or control.

3.     RapDev objects to Defendants' Interrogatories to the extent that they ask for information that is subject to the protections of attorney-client privilege and/or the work product doctrine.

4.    RapDev objects to Defendants' Interrogatories to the extent that they exceed the 25-interrogatory limit imposed by Federal Rule of Civil Procedure 33 and Local Rule 26.1(c), including discrete subparts.

5.    Subject to and without waiving these objections, RapDev states that discovery is ongoing and that it may, as necessary, promptly supplement its responses to these Interrogatories with any responsive, non-privileged information.

### SPECIFIC RESPONSES TO DEFENDANTS' INTERROGATORIES

**INTERROGATORY NO. 1**:

Describe in detail each trade secret you allege each Defendant misappropriated or stole. In answering this Interrogatory, please classify each trade secret by the specific category alleged in the Complaint (e.g. "case studies, sales and marketing materials for RapDev's proprietary service offerings, education materials for Datadog reps, project planning and management documents, RapDev's internal policies and contract templates, and customer contracts that include customer names & contact information" or any other category). Complaint ¶¶ 37, 54, 64. State the basis for your answer.

**RESPONSE**:

In response to Interrogatory No. 1, RapDev states as follows: RapDev states that discovery is ongoing and that it may, as necessary, promptly supplement its responses to these Interrogatories with any responsive, non-privileged information.

RapDev objects to Interrogatory No. 1 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 1 to the extent that it requests the disclosure of privileged information.

Subject to and without waiving any of RapDev's objections, RapDev submits the following answer:

- Enablement Planning for Large Enterprises - pre-POV PS slides
  - RapDev's Enablement Planning for Large Enterprises – pre POV PS slides is a marketing material for RapDev's proprietary service offerings. These are used to present RapDev's sales approach to Datadog, Inc.'s sales team to share with Datadog customers.

- SmileDirectClub Datadog Drawdown Improvements
  - RapDev's SmileDirect Club Datadog Drawdown Improvements is a project planning and management document. This is a sample of a report used to charge RapDev customers for platform optimization. This document can be reused for multiple customers.

2



- SDC Health and Value Check
  - RapDev's Health and Value Check is a project planning and management document. This is a document that is shared with RapDev customers after completing a health check, which is also sold on the customer's website as well.

- RapDev Datadog Intro
  - The RapDev Datadog Intro is a marketing material for RapDev's proprietary service offerings as well as an educational material for Datadog reps.

- DASH prep - Leadership Meetings
  - RapDev's DASH prep – Leadership Meetings are internal management policy documents. These are written notes by Tameem Hourani from various meetings with Datadog representatives.

- Grainger - Datadog Implementation Services - T&M Executable 10.11.23
  - RapDev's Grainger – Datadog Implementation Services – T&M Executable 10.11.23.docx is a contract template. This is an example of a customer contract written down that can be easily replicated for other RapDev customers.

- RapDev Confidentiality Policy (2022)
  - RapDev's Confidentiality Policy (2022) is an internal policy. This is a security policy that dictates how RapDev protects its systems, internal data, and customer data. The RapDev Confidentiality Policy (2022) is provided to customers during the onboarding process to inform customers that RapDev has sufficient protections in place to protect RapDev and client data.

- Cyber Security Policy (2023)
  - RapDev's Cyber Security Policy (2023) is an internal policy. This is a security policy that dictates how RapDev protects its systems, internal data, and customer data. The RapDev Cyber Security Policy (2023) is provided to customers during the onboarding process to inform customers that RapDev has sufficient protections in place to protect RapDev and client data.

- RapDev Security Awareness and Training Policy (2023)
  - RapDev's Security Awareness and Training Policy (2023) is an internal policy. This is a security policy that dictates how RapDev protects its systems, internal data, and customer data. The RapDev Security Awareness and Training Policy (2023) is provided to customers during the onboarding process to inform customers that RapDev has sufficient protection in place to protect RapDev and client data.

- RapDev IS & AU Policy (2023)
  - RapDev's IS & AU Policy (2023) is an internal policy. This is a security policy that dictates how RapDev protects its systems, internal data, and customer data.

3

The RapDev IS & AU Policy (2023) is provided to customers during the onboarding process to inform customers that RapDev has sufficient protection sin place to protect RapDev and client data.

- RapDev Asset Management Policy (2022)

  o RapDev's Asset Management Policy (2022) is an internal policy. This is a security policy that dictates how RapDev protects its systems, internal data, and customer data. The RapDev Asset Management Policy (2022) is provided to customers during the onboarding process to inform customers that RapDev has sufficient protection sin place to protect RapDev and client data.

- RapDev Mutual NDA

  o RapDev's Mutual NDA is a contract template. This is a security measure that RapDev uses to protects its systems, internal data, and customer data. The RapDev Mutual NDA is provided to customers during the onboarding process to inform customers that RapDev has sufficient protection sin place to protect RapDev and client data.

- RapDev's Standard Master Services Agreement (2023)

  o RapDev's Standard Master Services Agreement (2023) is a contract template. RapDev MSA 2021 is a contract template. It is a master services agreement defining general terms and conditions between RapDev and its customers.

- RapDev Subcontracting Agreement

  o RapDev's Subcontracting Agreement is a contract template. It is a services agreement defining terms and conditions between RapDev and subcontractors providing services to RapDev.

- RapDev Anti-Bribery Policy (2023)

  o RapDev's Anti-Bribery Policy (2023) is an internal policy. This is a security policy that dictates how RapDev protects its systems, internal data, and customer data. The RapDev Anti-Bribery Policy (2023) is provided to customers during the onboarding process to inform customers that RapDev has sufficient protections in place to protect RapDev and client data.

- RapDev Marketplace EULA

  o The RapDev Marketplace EULA is an end user license agreement for purchases of RapDev apps on the Datadog marketplace. It includes customer names.

- Datadog Marketplace EULA

  o The Datadog Marketplace EULA is an end user license agreement for purchases of RapDev apps on the Datadog marketplace. It includes customer names.

4

- Data Protection Policy (2023)

  - RapDev's Data Protection Policy (2023) is an internal policy. This is a security policy that dictates how RapDev protects its systems, internal data, and customer data. The RapDev Data Protection Policy (2023) is provided to customers during the onboarding process to inform customers that RapDev has sufficient protections in place to protect RapDev and client data. This policy is RapDev's approach to protecting internal and client data, particularly in relation to the General Data Protection Regulation ("GDPR").

- Enterprise Risk Management (2023)

  - RapDev's Enterprise Risk Management (2023) is an internal policy. This is a security policy that dictates how RapDev protects its systems, internal data, and customer data. It is also a framework for identifying, assessing, managing, and mitigating risks associated with RapDev operations. The RapDev Enterprise Risk Management (2023) is provided to customers during the onboarding process to inform customers that RapDev has sufficient protection sin place to protect RapDev and client data.

- RapDev Business Continuity Plan (2023)

  - RapDev's Business Continuity Plan (2023) is an internal policy. It is a plan for responding to and continuing business operations in the event of a disaster or business disruption.

- RapDev MSA 2021

  - RapDev MSA 2021 is a contract template. It is a master services agreement defining general terms and conditions between RapDev and its customers.

- RapDev MSA 2022

  - RapDev MSA 2022 is a contract template. It is a master services agreement defining general terms and conditions between RapDev and its customers.

- Confidentiality Policy - RapDev - 2019

  - RapDev's Confidentiality Policy 2019.pdf is an internal policy. This is a security policy that dictates how RapDev protects its systems, internal data, and customer data. The RapDev Confidentiality Policy 2019.pdf is provided to customers during the onboarding process to inform customers that RapDev has sufficient protection sin place to protect RapDev and client data.

- RapDev Information Classification And Management Policy-2022

  - RapDev's information classification and management policy is an internal policy. This is a policy that establishes the rules for the control of hardware, software, applications, and information used by RapDev.

- Data Protection Policy - RapDev - 2022

5

- o RapDev's Data Protection Policy - 2022 is an internal policy. This policy is RapDev's approach to protecting internal and client data, particularly in relation to the General Data Protection Regulation ("GDPR").

- Data Protection Policy - RapDev – 2019

  - o RapDev's Data Protection Policy - 2019 is an internal policy. This policy is RapDev's approach to protecting internal and client data, particularly in relation to the General Data Protection Regulation ("GDPR").

- Security Awareness and Training Policy RapDev (2022)

  - o RapDev's Security Awareness and Training Policy (2022) is an internal policy. This is a security policy that dictates how RapDev protects its systems, internal data, and customer data. The RapDev Security Awareness and Training Policy (2022) is provided to customers during the onboarding process to inform customers that RapDev has sufficient protections in place to protect RapDev and client data.

- IS & AU Policy - RapDev - 2019

  - o RapDev's IS & AU Policy 2019 is an internal policy. This is a security policy that dictates how RapDev protects its systems, internal data, and customer data. The RapDev IS & AU Policy 2019.pdf is provided to customers during the onboarding process to inform customers that RapDev has sufficient protection sin place to protect RapDev and client data.

- IS & AU Policy - RapDev - 2022

  - o RapDev's IS & AU Policy 2022 is an internal policy. This is a security policy that dictates how RapDev protects its systems, internal data, and customer data. The RapDev IS & AU Policy 2022.pdf is provided to customers during the onboarding process to inform customers that RapDev has sufficient protection sin place to protect RapDev and client data.

- Cyber Security Policy (2022)

  - o RapDev's Cyber Security Policy (2022) is an internal policy. This is a security policy that dictates how RapDev protects its systems, internal data, and customer data. The RapDev Cyber Security Policy (2022) is provided to customers during the onboarding process to inform customers that RapDev has sufficient protections in place to protect RapDev and client data.

- Copy of PayPal: SignalFX migration presentation- Datadog/RapDev

  - o RapDev's Copy of Paypal: SignalFX migration presentation- Datadog/RapDev is a sales and marketing material for RapDev's proprietary service offerings. This is an example presentation given to RapDev customers.

- RapDev_Datadog Practice Overview

6

- o  The RapDev_Datadog Practice Overview.pdf is an internal document for RapDev and education material for Datadog representatives. It provides an overview of RapDev's business for Datadog to share with their customers.
- RapDev - Datadog Customer Stories Master

  o  The RapDev – Datadog Customer Stories Master is an internal RapDev document containing information about RapDev's customers. This document also includes information about RapDev's services and how they have made RapDev's customers successful.

- Publix Kickoff | ServiceNow Implementation - Phase I

  o  The RapDev Publix Kickoff | ServiceNow Implementation – Phase I is a customer contract with customer information. This document also details RapDev's proprietary services.

- Softchoice - BMO - ITOM Scoping & Architecture Engagement

  o  The RapDev Softchoice - BMO - ITOM Scoping & Architecture Engagement.pdf is a customer contract with customer information. This document also details RapDev's proprietary services.

- Value Optimization Workshop

  o  The Value Optimization Workshop.pdf is a sales and marketing material for RapDev's proprietary services.

- Internal Datadog Use Only: RapDev Customer Stories

  o  The RapDev Customer Stories document is a sales and marketing material used to promote RapDev's proprietary service offerings. These are RapDev's success metrics shared with Datadog, Inc. to promote RapDev's services.

**INTERROGATORY NO. 2**:

For each purported trade secret you identified in response to Interrogatory No. 1, identify (i) each person who developed or created the purported trade secret in whole or in part and (ii) the date development of the purported trade secret began and the date it was completed. State the basis for your answer.

**RESPONSE**:

In response to Interrogatory No. 2, RapDev states as follows: RapDev states that discovery is ongoing and that it may, as necessary, promptly supplement its responses to these Interrogatories with any responsive, non-privileged information.

RapDev objects to Interrogatory No. 2 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 2 to the extent that it requests the disclosure of privileged information.

7



RapDev further objects to Interrogatory No. 2 because "each person who developed or created" are vague, ambiguous, and undefined terms.

RapDev further objects to Interrogatory No. 2 because "development" and the "date it was completed" are vague, ambiguous, and undefined terms.

Subject to and without waiving any of RapDev's objections, RapDev submits the following answer:

The trade secrets identified were produced by various members of RapDev's sales, marketing, and delivery teams from approximately 2019 until November 10, 2023.

**INTERROGATORY NO. 3**:

For each purported trade secret you identified in response to Interrogatory No. 1, identify the date(s) on which you allege each Defendant accessed or received the trade secret, and describe the manner in which each Defendant accessed or received it (including the Person(s) who provided it to the Defendant(s), if applicable). State the basis for your answer.

**RESPONSE**:

In response to Interrogatory No. 3, RapDev states as follows: RapDev states that discovery is ongoing and that it may, as necessary, promptly supplement its responses to these Interrogatories with any responsive, non-privileged information.

RapDev objects to Interrogatory No. 3 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 3 to the extent that it requests the disclosure of privileged information.

Subject to and without waiving any of RapDev's objections, RapDev submits the following answer:

- Enablement Planning for Large Enterprises - pre-POV PS slides
  - Defendant Anthony Younes accessed and/or received this trade secret on October 6, 2023 by downloading it from RapDev's Google Drive account.
- SmileDirectClub Datadog Drawdown Improvements
  - Defendant Anthony Younes accessed and/or received this trade secret on October 24, 2023 by downloading it from RapDev's Google Drive account.
- SDC Health and Value Check
  - Defendant Anthony Younes accessed and/or received this trade secret on October 24, 2023 by downloading it from RapDev's Google Drive account.
- RapDev Datadog Intro

8

- o Defendant Anthony Younes accessed and/or received this trade secret on October 18, 2023 by downloading it from RapDev's Google Drive account.

- DASH prep - Leadership Meetings

  - o Defendant Anthony Younes accessed and/or received this trade secret on October 16, 2023 by downloading it from RapDev's Google Drive account.

- Grainger - Datadog Implementation Services - T&M Executable 10.11.23

  - o Defendant Anthony Younes accessed and/or received this trade secret on October 11, 2023 by downloading it from RapDev's Google Drive account.

- Confidentiality Policy (2022)

  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.

- Cyber Security Policy (2023)

  - o Defendant Anthony Younes stole this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.

- Security Awareness and Training Policy (2023)

  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.

- IS & AU Policy (2023)

  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.

- RapDev Asset Management Policy (2022)

  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.

- RapDev Mutual NDA

  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.

- RapDev's Standard Master Services Agreement (2023)

  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.

- Subcontracting Agreement

  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.

- Anti-Bribery Policy (2023)

9



- o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.
- RapDev Marketplace EULA
  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.
- Datadog Marketplace EULA
  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.
- Data Protection Policy (2023)
  - o Defendant Anthony Younes accessed and/or received this trade secret on October 6, 2023 by downloading it from RapDev's Google Drive account.
- Enterprise Risk Management (2023)
  - o Defendant Anthony Younes accessed and/or received this trade secret on October 6, 2023 by downloading it from RapDev's Google Drive account.
- RapDev Business Continuity Plan (2023)
  - o Defendant Anthony Younes accessed and/or received this trade secret on October 6, 2023.
- RapDev MSA 2021
  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account
- RapDev MSA 2022
  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.
- Confidentiality Policy - RapDev - 2019
  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.
- RapDev Information Classification And Management Policy-2022
  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.
- Data Protection Policy - RapDev – 2022
  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.
- Data Protection Policy - RapDev – 2019

10

- o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.
- Security Awareness and Training Policy - RapDev - 2022
  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.
- IS & AU Policy - RapDev - 2019
  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.
- IS & AU Policy - RapDev - 2022
  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.
- Cyber Security Policy (2022)
  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.
- Copy of PayPal: SignalFX migration presentation- Datadog/RapDev
  - o Defendant Anthony Younes accessed and/or received this trade secret on September 29, 2023 by downloading it from RapDev's Google Drive account.
- RapDev_Datadog Practice Overview
  - o Defendant Anthony Younes accessed and/or received this trade secret on September 28, 2023 by downloading it from RapDev's Google Drive account.
- RapDev - Datadog Customer Stories Master
  - o Defendant Anthony Younes accessed and/or received this trade secret on October 9, 2023 by downloading it from RapDev's Google Drive account.
- Publix Kickoff | ServiceNow Implementation - Phase I
  - o Defendant Anthony Younes accessed and/or received this trade secret on September 26, 2023 by downloading it from RapDev's Google Drive account.
- Softchoice - BMO - ITOM Scoping & Architecture Engagement
  - o Defendant Anthony Younes accessed and/or received this trade secret on September 25, 2023 by downloading it from RapDev's Google Drive account.
- Value Optimization Workshop
  - o Defendant Anthony Younes accessed and/or received this trade secret on September 14, 2023 by downloading it from RapDev's Google Drive account.
- Internal Datadog Use Only: RapDev Customer Stories

11



- o Defendant Anthony Younes accessed and/or received this trade secret on October 9, 2023 by downloading it from RapDev's Google Drive account.
- Security Awareness and Training Policy - RapDev - 2022
  - o Defendant Anthony Younes accessed and/or received this trade secret on October 2, 2023 by downloading it from RapDev's Google Drive account.

## INTERROGATORY NO. 4:

For each purported trade secret you identified in response to Interrogatory No. 1, identify each measure you have implemented to protect its secrecy. Include the date each such measure was implemented and, if any such measure is no longer in effect, the date on which it ended. State the basis for your answer.

## RESPONSE:

In response to Interrogatory No. 4, RapDev states as follows: RapDev states that discovery is ongoing and that it may, as necessary, promptly supplement its responses to these Interrogatories with any responsive, non-privileged information.

RapDev objects to Interrogatory No. 4 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 4 to the extent that it requests the disclosure of privileged information.

RapDev further objects to Interrogatory No. 4 because the phrase "measure" is a vague, ambiguous, and undefined term.

RapDev further objects to Interrogatory No. 4 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks for the date(s) in which measures were implemented to protect trade secret information.

RapDev further objects to Interrogatory No. 4 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks for the date(s) in which measures to protect RapDev's trade secrets were no longer in effect.

Subject to and without waiving any of RapDev's objections, RapDev submits the following answer:

RapDev protected its trade secrets by, among other things, restricting access to such trade secrets on a need-to-know basis, requiring its employees to sign confidentiality agreements, not publicly disclosing the contents of its trade secrets, preventing outside parties from viewing trade secrets, and requiring employees to attend training regarding the protection of confidentiality, proprietary information, and other such information. RapDev also protected its trade secrets by storing them on RapDev's Google Drive. Only RapDev active employees with valid credentials and signed confidentiality agreements were able to access this Google Drive. All document

12

DM_US 214106575-1.123690.0011

sharing setting were set to "Only People at RapDev" or "Only People with Access" to prevent outside parties from viewing. RapDev implemented its confidentiality policies on or around 2019.

**INTERROGATORY NO. 5**:

For each purported trade secret you identified in response to Interrogatory No. 1, identify all documents that disclose the purported trade secret and the specific text therein that discloses the trade secret(s). State the basis for your answer.

**RESPONSE**:

In response to Interrogatory No. 5, RapDev states as follows: RapDev states that discovery is ongoing and that it may, as necessary, promptly supplement its responses to these Interrogatories with any responsive, non-privileged information.

RapDev objects to Interrogatory No. 5 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 5 to the extent that it requests the disclosure of privileged information.

RapDev further objects to Interrogatory No. 5 to as overbroad and unduly burdensome to the extent that it asks for the specific text that discloses RapDev's trade secrets.

RapDev further objects to Interrogatory No. 5 because "all documents that disclose" and the "specific text therein that discloses" are vague, ambiguous, and undefined terms.

Subject to and without waiving any of RapDev's objections, RapDev refers Defendants to its forthcoming document production. RapDev will perform a good faith search for non-privileged responsive documents in its possession, custody, or control, and will produce such documents on a rolling basis.

**INTERROGATORY NO. 6**:

For each document you identified in response to Interrogatory No. 5, (i) state the date on which it was "stored on a private Google Drive that requires a valid RapDev email address and password to access," as alleged in Paragraph 38 of the Complaint, (ii) identify each person who had or has such a "valid RapDev email address and password to access" each such document, (iii) identify the dates and times each such person, or any other person, accessed the private Google Drive, and (iv) any other location(s) (electronic or otherwise) each such document resides or has resided including, without limitation, emails and/or network or local drives. State the basis for your answer.

**RESPONSE**:

13



In response to Interrogatory No. 6, RapDev states as follows: RapDev states that discovery is ongoing and that it may, as necessary, promptly supplement its responses to these Interrogatories with any responsive, non-privileged information.

RapDev objects to Interrogatory No. 6 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 6 to the extent that it requests the disclosure of privileged information.

RapDev further objects to Interrogatory No. 6 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks for date(s) when RapDev stored trade secrets on its Google Drive.

RapDev further objects to Interrogatory No. 6 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks RapDev to identify each person who had access to RapDev's trade secrets.

RapDev further objects to Interrogatory No. 6 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks for the date(s) and time(s) people accessed RapDev's Google Drive.

RapDev further objects to Interrogatory No. 6 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks for the location of each of each document, including locations where it resides or has resided.

Subject to and without waiving any of RapDev's objections, RapDev submits the following answer:

- Nicholas Vecellio: 4201 Bridlepath Place, Louisville, KY, 40245. Mr. Vecellio's last known place of employment is NoBS, LLC.
- Anthony Younes: 4 Old Parish Way, West Newbury, MA, 01985.
- Tameem Hourani: 6 Liberty Square, PMB #445, Boston, MA 02109.
- Ayaan Israni: 6 Liberty Square, PMB #445, Boston, MA 02109.
- Elyse Neumeier: 6 Liberty Square, PMB #445, Boston, MA 02109.

To RapDev's knowledge, these trade secrets reside only on the RapDev Google Drive.

**INTERROGATORY NO. 7**:

Identify each document that is "further restricted to individual users at RapDev on a need-to-know basis," as alleged in Paragraph 38 of the Complaint and (ii) the Persons who had or have access to each such document. State the basis for your answer.

**RESPONSE**:

14

In response to Interrogatory No. 7, RapDev states as follows: RapDev states that discovery is ongoing and that it may, as necessary, promptly supplement its responses to these Interrogatories with any responsive, non-privileged information.

RapDev objects to Interrogatory No. 7 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 7 to the extent that it requests the disclosure of privileged information.

RapDev further objects to Interrogatory No. 7 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks for persons who had or have access to each RapDev trade secret further restricted to individual users at RapDev on a need-to-know basis.

Subject to and without waiving any of RapDev's objections, RapDev submits the following answer:

The following documents are further restricted to individual users at RapDev on a need-to-know basis, with Nicholas Vecellio, Anthony Younes, Tameem Hourani, Ayaan Israni, and Elyse Neumeier had access to these documents:

- SmileDirectClub Datadog Drawdown Improvements
- SDC Health and Value Check
- RapDev Datadog Intro
- DASH prep - Leadership Meetings
- Grainger - Datadog Implementation Services - T&M Executable 10.11.23
- RapDev Anti-Bribery Policy (2023)
- Enterprise Risk Management (2023)
- RapDev Business Continuity Plan (2023)
- Cyber Security Policy - RapDev – 2022
- RapDev - Datadog Customer Stories Master
- Publix Kickoff | ServiceNow Implementation - Phase I
- Softchoice - BMO - ITOM Scoping & Architecture Engagement
- Value Optimization Workshop

**INTERROGATORY NO. 8**:

Identify each document Younes "download[ed] . . . to his personal home computer," as alleged in Paragraph 57 of the Complaint. Include the electronic location(s) from which you allege he downloaded each such document and provide the log-in credentials you contend he

15

used to access the documents including, without limitation, any password(s). State the basis for your answer.

**RESPONSE**:

In response to Interrogatory No. 8, RapDev states as follows: RapDev states that discovery is ongoing and that it may, as necessary, promptly supplement its responses to these Interrogatories with any responsive, non-privileged information.

RapDev objects to Interrogatory No. 8 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 8 to the extent that it requests the disclosure of privileged information.

RapDev objects to Interrogatory No. 8 because the phrase "log-in credentials" is vague, ambiguous, and undefined. RapDev further objects to Interrogatory No. 8 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks RapDev to identify "log-in credentials." RapDev further objects to Interrogatory No. 8 because it seeks information solely within Younes' possession, custody, or control and/or that RapDev has requested in discovery that Younes has not provided.

Subject to and without waiving any of RapDev's objections, RapDev submits the following answer:

The following documents were downloaded by Younes to his personal computer from RapDev's internal Google Drive. RapDev's internal Google Drive data shows that the information was downloaded to an IP address 100.0.74.143, which is the IP address associated with Younes' personal computer.

- Enablement Planning for Large Enterprises - pre-POV PS slides
- Grainger - Datadog Implementation Services - T&M Executable 10.11.23
- Confidentiality Policy (2022)
- Cyber Security Policy (2023)
- Security Awareness and Training Policy (2023)
- IS & AU Policy (2023)
- RapDev Asset Management Policy (2022)
- RapDev Mutual NDA
- RapDev's Standard Master Services Agreement (2023)
- Subcontracting Agreement
- Anti-Bribery Policy (2023)
- RapDev Marketplace EULA

16

- Datadog Marketplace EULA
- Data Protection Policy (2023)
- Enterprise Risk Management (2023)
- RapDev Business Continuity Plan (2023)
- RapDev MSA 2021
- RapDev MSA 2022
- Confidentiality Policy - RapDev - 2019
- RapDev Information Classification And Management Policy (2022)
- Data Protection Policy - RapDev - 2022
- Data Protection Policy - RapDev – 2019
- Security Awareness and Training Policy (2022)
- IS & AU Policy - RapDev - 2019
- IS & AU Policy - RapDev - 2022
- Cyber Security Policy (2022)
- Copy of PayPal: SignalFX migration presentation- Datadog/RapDev
- RapDev_Datadog Practice Overview
- RapDev - Datadog Customer Stories Master
- Value Optimization Workshop
- Internal Datadog Use Only: RapDev Customer Stories

**INTERROGATORY NO. 9**:

Identify each "consultant, contractor, collaborator, vendor or customer of [RapDev]" who you allege Younes had contact with during his employment and, if applicable, identify which such Persons you allege Younes or other Defendant has wrongfully solicited and the date(s) of any such alleged solicitations. In answering this Interrogatory, please classify by specific category (e.g. consultant, contractor, etc.) State the basis for your answer.

**RESPONSE**:

In response to Interrogatory No. 9, RapDev states as follows RapDev states that discovery is ongoing and that it may, as necessary, promptly supplement its responses to these Interrogatories with any responsive, non-privileged information.

RapDev objects to Interrogatory No. 9 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 9 to the extent that it requests the disclosure of privileged information. RapDev further objects to Interrogatory No. 9 because it seeks

17

information solely within Younes' possession, custody, or control and/or that RapDev has requested in discovery that Younes has not provided.

RapDev further objects to this Interrogatory as irrelevant, overly broad in time and scope, unduly burdensome and expensive, harassing, oppressive, and as seeking confidential and private information that is neither relevant nor proportional to the needs of the case, in that it requests all names and contact information for all consultants, contractors, collaborators, vendors, or customers of RapDev during Younes' employment with whom he was in contact with.

Subject to and without waiving any of RapDev's objections, RapDev submits the following answer:

- Datadog, Inc.
  - Datadog is a vendor of RapDev that Younes had contact with during his employment with RapDev. Defendants have wrongly solicited Datadog business away from RapDev beginning on or after approximately November 1, 2023.
- Vigor
  - Vigor is a marketing services company that RapDev engaged to complete a variety of activities related to marketing of RapDev's Datadog (and Service Now) services to Datadog and end customers. Younes had significant contact with Vigor during his employment with RapDev. Defendants have wrongly solicited Vendor business beginning on or after approximately November 1, 2023.

**INTERROGATORY NO. 10**:

For each Person you identified in response to Interrogatory No. 9 as having been wrongfully solicited by Younes or other Defendant, describe in detail how your relationship has been "diminish[ed] or alter[ed] in any way" as a result of such solicitation(s), if at all. State the basis for your answer.

**RESPONSE**:

In response to Interrogatory No. 10, RapDev states as follows: RapDev states that discovery is ongoing and that it may, as necessary, promptly supplement its responses to these Interrogatories with any responsive, non-privileged information.

RapDev objects to Interrogatory No. 10 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 10 to the extent that it requests the disclosure of privileged information. RapDev further objects to Interrogatory No. 10 because it seeks information solely within Defendants' possession, custody, or control and/or that RapDev has requested in discovery that Defendants have not provided.

Subject to and without waiving any of RapDev's objections, RapDev submits the following answer:

SWDocID DM_US 214106575-1.123690.0011

As stated in Plaintiff's Complaint, RapDev has suffered from damages, including interference in its business operations, damage to employee relationships, and lost profits.

**FIRST SUPPLEMENTAL RESPONSE:**

Subject to and without waiving any of RapDev's objections, RapDev submits the following:

RapDev's relationship with Datadog has been diminished and/or altered due to Defendant Vecellio and Defendant Younes' conduct as alleged in the Complaint, including without limitation, their breach of their non-solicitation obligations and NoBS' interference with RapDev's business operations. RapDev and NoBS operate in the same Datadog-related space by servicing businesses and entities who need assistance with installing, maintaining, and/or otherwise utilizing the Datadog software. Defendants are soliciting customers, clients, vendors, and/or other business relationships in the exact same market that RapDev services. Through Defendants' solicitation and interference, RapDev is losing out on Datadog business opportunities that it otherwise would have had, resulting in loss of potential revenue and therefore lost profits. Beyond that, RapDev objects to this Interrogatory because discovery is ongoing, Defendants have failed to produce documents and information directly related to this request, and because such information is in Defendants' possession, custody, and control.

**INTERROGATORY NO. 11**:

For the period from September 1, 2021 through the present, identify each contract, job or other type of business opportunity that you sought or were otherwise considered for, but were not awarded. For each such contract, job or other type of business opportunity, identify the customer or potential customer, the scope of services you offered, the monetary value (or estimated monetary value) of the contract, job or other business opportunity and the reason(s) you were not awarded the contract, job or other business opportunity, if known. State the basis for your answer.

**RESPONSE**:

RapDev objects to Interrogatory No. 11 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 11 to the extent that it requests the disclosure of privileged information.

RapDev further objects to Interrogatory No. 11 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks for all contracts, jobs, or other types of business opportunities for the period beginning in September 1, 2021.

The contracts, jobs, or other types of business opportunities with that RapDev may or may not have received beginning in the period of September 1, 2021 that do not relate to the allegations in Plaintiff's Complaint have no relevance to the scope of the matters relevant to this lawsuit. Accordingly, Interrogatory No. 11 seeks irrelevant information outside the bounds of

SWDocID DM_US 214106575-1.123690.0011

discovery, and so RapDev will not be responding to Interrogatory No. 11 on the basis of this objection.

**INTERROGATORY NO. 12:**

Identify each "person or entity to which [RapDev] has provided goods or services at any time during the period commencing six (6) months prior to [Younes'] employment with [RapDev] and ending on the Separation Date [November 10, 2023]." Complaint ¶¶ 32, 86. State the basis for your answer.

**RESPONSE**:

RapDev objects to this Interrogatory as beyond the limit of 25 written interrogatories, including discrete subparts.

In response to Interrogatory No. 12, RapDev states as follows: RapDev states that discovery is ongoing and that it may, as necessary, promptly supplement its responses to these Interrogatories with any responsive, non-privileged information.

RapDev objects to Interrogatory No. 12 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 12 to the extent that it requests the disclosure of privileged information.

RapDev further objects to Interrogatory No. 12 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks for persons or entities to which RapDev has provided goods or services to beyond those customers that Younes solicited in violation of his contractual obligations. RapDev will only answer this Interrogatory, subject to its objections, with respect to persons or entities that Younes is responsible for soliciting in violation of his contractual obligations to RapDev.

Subject to and without waiving any of RapDev's objections, RapDev submits the following answer:

- Datadog, Inc.
  - RapDev provided goods or services to Datadog during the period commencing six months prior to Younes' employment with RapDev and ending on November 10, 2023.
- Vigor
  - RapDev was a service provider to RapDev during the period commencing six months prior to Younes' employment with RapDev and ending on November 10, 2023.

**INTERROGATORY NO. 13:**

SWDocID DM_US 214106575-1.123690.0011

Describe in detail any and all "business the Employer [RapDev] had enjoyed, solicited, or attempted to solicit, from its customers, prior to termination or expiration, as the case may be, of [Vecellio's] employment with [RapDev]," as alleged in Paragraph 28 of the Complaint. In answering this Interrogatory, you should also identify each such customer, the dates on or from which RapDev "enjoyed" such business or "solicited[] or attempted to solicit" such business, and the alleged value of such business. State the basis for your answer. The relevant time period for this Interrogatory is from the earliest point in time that you allege any such relevant business until the termination or expiration of Vecellio's employment with RapDev.

**RESPONSE**:

RapDev objects to this Interrogatory as beyond the limit of 25 written interrogatories, including discrete subparts.

In response to Interrogatory No. 13, RapDev states as follows: RapDev states that discovery is ongoing and that it may, as necessary, promptly supplement its responses to these Interrogatories with any responsive, non-privileged information.

RapDev further objects to Interrogatory No. 13 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery because the relevant time period is overbroad.

RapDev further objects to Interrogatory No. 13 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks for any and all business RapDev enjoyed, solicited, or attempted to solicit prior to the termination of Vecellio's employment.

RapDev further objects to Interrogatory No. 13 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks for the dates on or from which RapDev enjoyed, solicited, or attempted to solicit such business.

RapDev further objects to Interrogatory No. 13 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks for the value of any such business that RapDev enjoyed, solicited, or attempted to solicit prior to the termination of Vecellio's employment.

RapDev further objects to Interrogatory No. 13 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 13 to the extent that it requests the disclosure of privileged information.

Subject to and without waiving any of RapDev's objections, RapDev submits the following answer:

- Datadog, Inc.
  - RapDev enjoyed the business of Datadog prior to the termination of Vecellio's employment.

21

- Vigor
  - Vigor was a service provider to RapDev and RapDev enjoyed the business of Vigor prior to the termination of Vecellio's employment.

## INTERROGATORY NO. 14:

Identify each RapDev customer you allege Defendants "are actively soliciting," as alleged in Paragraph 5 of the Complaint, or have solicited. State the basis for your answer.

## RESPONSE:

RapDev objects to this Interrogatory as beyond the limit of 25 written interrogatories, including discrete subparts.

In response to Interrogatory No. 14, RapDev states as follows: RapDev states that discovery is ongoing and that it may, as necessary, promptly supplement its responses to these Interrogatories with any responsive, non-privileged information.

RapDev objects to Interrogatory No. 14 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to a Protective Order issued by the Court. RapDev further objects to Interrogatory No. 14 to the extent that it requests the disclosure of privileged information. RapDev further objects to Interrogatory No. 14 because it seeks information solely within Defendants' possession, custody, or control and/or that RapDev has requested in discovery that Defendants have not provided.

Subject to and without waiving any of RapDev's objections, RapDev submits the following answer:

- Datadog, Inc.
  - Defendants are actively soliciting business from Datadog.
- Vigor
  - Defendants are actively soliciting the services Vigor once provided to RapDev.

## INTERROGATORY NO. 15:

Identify each Datadog employee, director, officer, founder or other representative or agent with whom RapDev has communicated including, without limitation, "its Vice President of Sales, Director of Sales, and several members of its leadership team, including the founders," as alleged in Paragraph 17 of the Complaint. State the basis for your answer.

## RESPONSE:

RapDev objects to this Interrogatory as beyond the limit of 25 written interrogatories, including discrete subparts.

SWDocID DM_US 214106575-1.123690.0011

In response to Interrogatory No. 15, RapDev states as follows: RapDev states that discovery is ongoing and that it may, as necessary, promptly supplement its responses to these Interrogatories with any privileged, non-privileged information.

RapDev objects to Interrogatory No. 15 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 15 to the extent that it requests the disclosure of privileged information. RapDev further objects to Interrogatory No. 15 because it seeks information solely within Defendants' possession, custody, or control and/or that RapDev has requested in discovery that Defendants have not provided.

Subject to and without waiving any of RapDev's objections, RapDev submits the following answer:

- Jarrod Buckley: 620 8th Ave, 45th Floor, New York, NY 10018. Jarrod Buckley is the Vice President, Channels & Alliances for Datadog, Inc. Jarrod Buckley's last known place of employment is with Datadog, Inc.

- Ty Connor: 620 8th Ave, 45th Floor, New York, NY 10018. Ty Connor is the Channel Director, North America for Datadog. Ty Connor's last known place of employment is with Datadog, Inc.

- Charlie Wells: 620 8th Ave, 45th Floor, New York, NY 10018. Charlie Wells is the Senior Director, Partner Technical Solutions for Datadog. Charlie Wells's last known place of employment is with Datadog, Inc.

## INTERROGATORY NO. 16:

Identify each Person who has communicated a concern, objection, inquiry or complaint concerning invoices issued by RapDev including, without limitation, allegations of fraudulent billing practices such as invoice padding. State the basis for your answer.

**RESPONSE**:

RapDev objects to this Interrogatory as beyond the limit of 25 written interrogatories, including discrete subparts.

RapDev objects to Interrogatory No. 16 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 16 to the extent that it requests the disclosure of privileged information.

RapDev further objects to Interrogatory No. 16 because "concern" is a vague, ambiguous, and undefined term.

RapDev further objects to Interrogatory No. 16 to because "inquiry" is a vague, ambiguous, and undefined term.

23



RapDev further objects to Interrogatory No. 16 because "complaint" is a vague, ambiguous, and undefined term.

RapDev further objects to Interrogatory No. 16 because "fraudulent billing practices" is a vague, ambiguous, and undefined term.

RapDev further objects to Interrogatory No. 16 because "invoice padding" is a vague, ambiguous, and undefined term.

RapDev further objects to this Interrogatory as irrelevant, overly broad in time and scope, unduly burdensome and expensive, harassing, oppressive, and as seeking confidential and private information that is neither relevant nor proportional to the needs of the case, in that it requests outside the scope of discovery to the extent that it asks for concerns, objections, inquiries, or complaints about RapDev's invoices.

The Persons who allegedly communicated any concerns regarding invoices issued by RapDev do not relate to the allegations in Plaintiff's Complaint and have no relevance to the scope of the matters relevant to this lawsuit. Accordingly, Interrogatory No. 16 seeks irrelevant information outside the bounds of discovery, and so RapDev will not be responding to Interrogatory No. 16 on the basis of this objection, and so RapDev will not be responding to Interrogatory No. 16.

## INTERROGATORY NO. 17:

Identify each Persons with whom you have disclosed RapDev's intellectual property or an inventory or list thereof including, without limitation, any bankers, private equity firms or other companies relating to a potential merger or acquisition. State the basis for your answer.

## RESPONSE:

RapDev objects to this Interrogatory as beyond the limit of 25 written interrogatories, including discrete subparts.

RapDev objects to Interrogatory No. 17 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 17 to the extent that it requests the disclosure of privileged information.

RapDev further objects to Interrogatory No. 17 because "intellectual property" is a vague, ambiguous, and undefined term.

RapDev further objects to Interrogatory No. 17 because "inventory" is a vague, ambiguous, and undefined term.

RapDev further objects to Interrogatory No. 17 because "list" is a vague, ambiguous, and undefined term.

24

RapDev further objects to Interrogatory No. 17 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks for RapDev's intellectual property.

RapDev further objects to Interrogatory No. 17 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks for an inventory of RapDev's intellectual property.

RapDev further objects to Interrogatory No. 17 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks for lists of RapDev's intellectual property.

RapDev further objects to Interrogatory No. 17 to as irrelevant, overbroad, unduly burdensome, and outside the scope of discovery to the extent that it asks for persons that RapDev has disclosed its intellectual property to.

The Persons with whom RapDev may or may not have disclosed its intellectual property to or an inventory list thereof do not relate to the allegations in Plaintiff's Complaint and have no relevance to the scope of the matters relevant to this lawsuit. Accordingly, Interrogatory No. 17 seeks irrelevant information outside the bounds of discovery, and so RapDev will not be responding to Interrogatory No. 17 on the basis of this objection, and so RapDev will not be responding to Interrogatory No. 17.

**INTERROGATORY NO. 18:**

Identify all "garden leave" payments or "other mutually-agreed upon consideration" you made to Vecellio and/or Younes and any express statement made in Younes' Separation Agreement or Vecellio's Employment Agreement, or elsewhere, where RapDev advises that each "employee has the right to consult with counsel prior to signing," pursuant to the Massachusetts Noncompetition Agreement Act. State the basis for your answer.

**RESPONSE:**

RapDev objects to this Interrogatory as beyond the limit of 25 written interrogatories, including discrete subparts.

In response to Interrogatory No. 18, RapDev states as follows: RapDev states that discovery is ongoing and that it may, as necessary, promptly supplement its responses to these Interrogatories with any responsive, non-privileged information.

RapDev objects to Interrogatory No. 18 to the extent that it requests confidential, proprietary, and/or trade secret information not subject to any Protective Order issued by the Court. RapDev further objects to Interrogatory No. 18 to the extent that it requests the disclosure of privileged information.

SWDocID DM_US 214106575-1.123690.0011

RapDev further objects to Interrogatory No. 18 because the phrases "garden leave payments" or "other mutually-agreed upon consideration" are vague, ambiguous, and undefined.

RapDev further objects to Interrogatory No. 18 because Defendants' agreements at issue in this lawsuit are not subject to the Massachusetts Noncompetition Agreement Act.

Subject to and without waiving any of RapDev's objections, RapDev submits the following answer:

RapDev refers to its Exhibits 1 and 2 of RapDev's Original Complaint.

Dated: September 3, 2025

Respectfully submitted,

*/s/ Brian Mead*
James M. Nicholas
**MCDERMOTT WILL & EMERY, LLP**
200 Clarendon Street
Boston, MA 02116
Tele: +1 617 535 4000
Fax: + 1 617 535 3800
jnicholas@mwe.com

Brian Mead (pro hac vice)
**MCDERMOTT WILL & EMERY, LLP**
444 W Lake Street, Suite 4000
Chicago, IL 60606-0029
Tele: +1 312 372 2000
Fax: +1 312 984 7700
bmead@mwe.com

Ruben C. Garza, III (pro hac vice)
**MCDERMOTT WILL & EMERY, LLP**
845 Texas Avenue, Suite 4000
Houston, TX 77002-1656
Tele: +1 713 982 5638
Fax: +1 713 739 7592
rgarza@mwe.com

*Attorneys for Plaintiff*
*RapDev, LLC*

26



## **VERIFICATION**

I, <u>Ayaan Israni</u>, am Head of Strategy of Plaintiff, RapDev, LLC. I am the agent of RapDev for the purpose of answering Defendants Nicholas Vecellio, Anthony Younes, and NoBS, LLC's First Set of Interrogatories. I have read the foregoing Interrogatories and the answers to those Interrogatories, which are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this <u>3rd</u> day of <u>September</u>, 2025.

<u>/s/</u> Ayaan Israni

27

## <u>CERTIFICATE OF SERVICE</u>

On September 3, 2025, the undersigned counsel for Plaintiff RapDev, LLC caused the foregoing document to be served via email upon all counsel of record.


*/s/ Brian Mead*
Brian Mead

28